# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1422

_____

David Orr

*Plaintiff - Appellant*

v.

Tom Clements

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: May 31, 2012
Filed: August 20, 2012

_____

Before COLLOTON, ARNOLD, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Missouri inmate David Orr moves for leave to proceed *in forma pauperis* in this appeal. The district court dismissed Orr's civil rights action before service of process, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted. We conclude that Orr is ineligible under 28 U.S.C. § 1915(g) to proceed *in forma pauperis* on appeal, and we therefore deny the motion.

In the Prison Litigation Reform Act of 1996, Congress enacted what is commonly described as the "three strikes" provision of § 1915(g). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal. *Ashley v. E. Dilworth, CO-1*, 147 F.3d 715, 716-17 (8th Cir. 1998) (per curiam). Orr does not allege he is under imminent danger of serious physical injury, so the question before us is whether Orr has accumulated three or more "strikes" as the result of dismissals of civil actions that he brought as a prisoner.

Orr acknowledged in his motion to proceed *in forma pauperis* that he brought *two* prior actions in federal court while incarcerated that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. He did not specify the actions by name, and the records of the district court show three cases that were dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). *See Orr v. Purkett* (*Purkett I*), No. 4:05-cv-280-HEA (E.D. Mo. May 5, 2005); *Orr v. Purkett* (*Purkett II*), No. 4:05-cv-2270-HEA, 2006 WL 680961 (E.D. Mo. Mar. 15, 2006); *Orr v. Larkins*, No. 4:08-cv-1233-CDP, 2008 WL 4488805 (E.D. Mo. Sept. 30, 2008), *aff'd*, 610 F.3d 1032 (8th Cir. 2010). Unless there is some reason to exclude

at least one of the three dismissals from the tally under § 1915(g), Orr is ineligible for pauper status.[1]

All three actions were dismissed without prejudice, but we see no reason why a dismissal without prejudice should not count as a strike under § 1915(g). The text of § 1915(g) draws no distinction between dismissals with prejudice and dismissals without prejudice. It refers only to "an action" that "was dismissed" on certain grounds. When a district court dismisses an action for failure to state a claim, it may do so with or without prejudice. *See WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011); Fed. R. Civ. P. 41(b). Either way, "an action" has been "dismissed" on one of the grounds specified in § 1915(g). We thus conclude that dismissals without prejudice are not categorically excluded from those that should be tallied under the statute. *See Armentrout v. Tyra*, 175 F.3d 1023, 1999 WL 86355 (8th Cir. 1999) (per curiam) (unpublished).

Most circuits to consider the issue have reached the same conclusion. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *O'Neal v. Price*, 531 F.3d 1146, 1152-54 (9th Cir. 2008); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998). The Fourth Circuit, however, has ruled that a dismissal for failure to state a claim counts as a strike only when the dismissal is "an adjudication on the merits and prejudiced the filing of a subsequent complaint with the same allegations." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009). The court reasoned that the "fails to state a claim" language of § 1915(g) parallels the text of Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that "unless otherwise specified," a dismissal under Rule 12(b)(6) is rendered with prejudice. On that basis, the Fourth Circuit concluded that

---

[1]The dismissal of a prisoner's lawsuit for failure to state a claim does not count as a strike under § 1915(g) until he has exhausted or waived his rights to appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 953 (8th Cir. 2006). Therefore, we do not count the dismissal that is the subject of this appeal.

for purposes of § 1915(g), a dismissal for failure to state a claim must prejudice the filing of a subsequent complaint to count as a strike. 566 F.3d at 396. We disagree with this analysis. Although there is a presumption that a dismissal under Rule 12(b)(6) is a judgment on the merits made with prejudice, *e.g.*, *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985), such a dismissal can be rendered without prejudice if the court so specifies. *E.g.*, *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988). An action thus can be "dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted," even if the dismissal is without prejudice. *See Paul*, 658 F.3d at 705.

Is there any other reason why one of Orr's three dismissals without prejudice should not count? In *Day v. Maynard*, the Tenth Circuit reserved judgment on "whether a case dismissed without prejudice, then refiled and dismissed a second time would count as two separate strikes." 200 F.3d at 667 n.1. Orr's motion presents essentially that scenario. In *Purkett I*, Orr filed a complaint alleging a violation of his rights under the Eighth Amendment, and the district court ultimately dismissed it without prejudice. The court initially observed that although "the underlying eighth amendment claim asserted in the complaint would usually survive review under 28 U.S.C. § 1915(e)(2)(B)," the complaint was deficient because Orr did not allege how the sole defendant had caused or failed to correct the alleged constitutional violation. *Purkett I*, slip op. at 4 (E.D. Mo. Mar. 28, 2005) (interim order). The court ordered Orr to file an amended complaint within thirty days to correct that deficiency. Orr missed the deadline, and the district court dismissed his complaint without prejudice, both because it failed to state a claim upon which relief may be granted and because Orr failed to comply with a court order. Orr thereafter submitted an amended complaint, but the district court struck it as untimely. The court advised Orr that he could "file his amended complaint as a new civil action—which will require the payment of another filing fee." *Purkett I*, slip op. at 2 (E.D. Mo. May 17, 2005) (interim order).

-4-

Orr eventually filed the stricken amended complaint from *Purkett I* as an original complaint in *Purkett II*. The district court reviewed the complaint and concluded that Orr's allegations of inadequate medical care in prison "indicate[d] only a disagreement over treatment methods or—at best—negligence in treating his condition." *Purkett II*, 2006 WL 680961, at *2. Because such allegations were insufficient to establish a constitutional violation, the court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

The text of § 1915(g) provides that the dismissals in *Purkett I* and *Purkett II* both count as strikes. The statute precludes pauper status where the prisoner has brought, on at least three prior occasions, "*an action* or appeal in a court of the United States *that was dismissed* on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphases added). The term "action" has a familiar meaning in the pleading context. A "civil action" is one that is "commenced by filing a complaint with the court," Fed. R. Civ. P. 3, and § 1915 equates "action" with an entire "case" or "suit." *Tolbert v. Stevenson*, 635 F.3d 646, 650-51 (4th Cir. 2011). So long as the district court dismisses two separate actions for a reason enumerated in § 1915(g), the statute provides for two strikes. That two actions are based on the same underlying events and raise similar or identical claims does not preclude the accumulation of two dismissals for purposes of § 1915(g).

*Purkett I* and *Purkett II* were separate actions. Each was commenced by the filing of a separate complaint and docketed independently with a separate case number. Each was dismissed on the ground that the complaint failed to state a claim. The district court dismissed the action in *Purkett I* in its entirety, involuntarily and without prejudice, and thus entered a final appealable judgment. *See Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1372 (Fed. Cir. 2000); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 591 n.4 (7th Cir. 1986). This was strike one. Orr

then commenced another action in *Purkett II*, and the district court dismissed that action, too, without prejudice for failure to state a claim. This was a second strike. The dismissal in the unrelated *Larkins* action for failure to state a claim was a third. Orr is therefore ineligible for pauper status.

For the foregoing reasons, we deny Orr's motion for leave to proceed *in forma pauperis*. Orr must pay the appellate filing fee of $455.00 within fourteen days or this appeal will be dismissed for failure to prosecute. *See* 8th Cir. R. 3C.

_____