**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2656
_____

KEVIN WILLIAMS,
                                        Appellant

v.

PA DEPARTMENT OF CORRECTIONS;
SUPT. JOHN KERESTES; PROGRAM REVIEW COMMITTEE;
C.G.O. DORINA VARNER
LT. HART; JANE HINMAN;
NELSON A. IANNUZZI, Med. Dept.;
MS. JONES, Ed. Counselor/Ed. Dept.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 15-cv-00975)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 18, 2017

Before: SHWARTZ, NYGAARD and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 24, 2017)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Kevin Williams, an inmate confined in a state correctional institution, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his action for failure to pay the full filing fee. We will vacate the District Court's order dismissing this action as well as its prior order denying IFP, and we will remand for further proceedings.

The Prison Litigation Reform Act ("PLRA") precludes a prisoner from proceeding in forma pauperis ("IFP") if he or she has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Section 1915(g) is known as the "three strikes rule." When that rule applies, the prisoner is required to prepay the filing fee before proceeding with the action or appeal unless he or she can demonstrate "imminent danger of serious physical injury." § 1915(g).

Because we write primarily for the parties, who are familiar with the background of this case, we describe its history only briefly. In May 2015, Mr. Williams filed an action against staff and officials in the Pennsylvania state prison system alleging several different violations of his civil rights under 42 U.S.C. § 1983. Mr. Williams filed an application for leave to proceed IFP and the Clerk of Court for the Middle District authorized payment of the filing fee from the funds in Mr. Williams' prisoner account. Shortly thereafter, however, the Magistrate Judge assigned to Mr. Williams' case denied his IFP application pursuant to the three strikes rule. Mr. Williams appealed this order to

2

the District Court on grounds that he had not accrued three strikes. The District Court affirmed the order denying IFP. In its memorandum, the District Court listed - but did not analyze - seven actions brought by Mr. Williams that purportedly support application of the three strikes rule. The District Court went on to analyze Mr. Williams' allegations of imminent danger and, finding these allegations lacking, ordered Mr. Williams to pay the full filing fee.

Several months later, when Mr. Williams still had not paid the filing fee, the Magistrate Judge recommended that the action be dismissed. Mr. Williams filed objections, arguing again that he had not accrued three strikes and suggesting that the court must be confusing him with some other prisoner named Kevin Williams. In reviewing Mr. Williams' objections, the District Court examined more closely those cases that had previously been identified as strikes and found that three of them qualified as strikes: Williams v. Owens, et al, M.D.Pa. Civ. No. 90-cv-02110; Williams v. Bruaw, et al., M.D.PA Civ. No. 05-cv-00774; and Williams v. Beard, et al., W.D.Pa. Civ. No. 13-cv-00096. Accordingly, the District Court adopted the recommendation of the Magistrate Judge and dismissed the case for failure to pay the full filing fee. Mr. Williams timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review questions of law regarding the interpretation of § 1915(g) de novo. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc); Gibbs v. Cross, 160 F.3d 962, 964 (3d Cir. 1998). For the reasons discussed below, we conclude that the actions that provide the basis for the District Court's § 1915(g) determination do not qualify as strikes.

3

The first case counted as a strike by the District Court is Williams v. Owens, et al, M.D.Pa. Civ. No. 90-cv-02110. The docket for this case reveals only that the district court accepted the magistrate judge's recommendation to dismiss the case. The docket does not reveal the grounds for the dismissal, and the record is not available.[1] We have held that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). By this standard, we cannot say that the dismissal in Williams v. Owens, et al, would count as a strike.

The second of the cases counted as a strike was Williams v. Bruaw, et al., M.D.PA Civ. No. 05-cv-00774. In this action, the district court adopted the magistrate judge's recommendation to grant summary judgment in favor of the defendants. We note that in his Report and Recommendations, the magistrate judge considered whether to dismiss Mr. Williams' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and specifically declined to do so. The order granting summary judgment does not result in a strike, under Byrd.

The third case counted as a strike was Williams v. Secretary Jeffrey Beard, et al, W.D.Pa. Civ. No. 13-cv-00096. In this case, the district court dismissed Mr. Williams'

---

[1] When we requested the record in this case, the Federal Record Center advised that the record "[h]as been disposed." It appears that the record was inadvertently marked as "Temporary" when it was retired and thus was not retained in the record archives.

4

complaint without leave to amend for failure to state a claim excepting certain claims that were dismissed without prejudice to refiling in the Middle District (where the claims arose). We need not reach at this time the question whether the dismissal of certain claims without prejudice in that case means that the order entered there resulted in a strike under Byrd, as the accrual of one strike would not preclude Mr. Williams from proceeding in forma pauperis in the case at issue here.[2] Compare Orr v. Clements, 688 F.3d 463 (8th Cir. 2012) ("dismissals without prejudice are not categorically excluded from those that should be tallied" under § 1915(g)) with McLean v. United States, 566 F.3d 391 (4th Cir. 2009) ("dismissal of a prisoner's complaint without prejudice for failure to state a claim does not count as a strike" under § 1915(g)).

After examining docket sheets and documents in the other civil rights cases filed by Mr. Williams in the Eastern, Middle, and Western Districts of Pennsylvania, we are unable to identify any case that conclusively qualifies as a strike. Since we cannot say that Mr. Williams had three strikes when he filed his complaint, we must conclude that the District Court erred in denying him leave to proceed IFP and in dismissing his action when he did not pay the filing fees. See 28 U.S.C. § 1915(g). Accordingly, we will summarily vacate the District Court's orders denying IFP and dismissing the action, and we will remand the case for further proceedings.

---

[2] Our Judgment affirming the District Court's order in W.D.Pa. Civ. No. 13-cv-00096 does not constitute a strike. See Byrd, 715 F.3d at 126.

5