FILED
United States Court of Appeals
Tenth Circuit

November 8, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ARTHUR J. LOMAX, a/k/a Arthur James
Lomax,

     Plaintiff - Appellant,

v.

CHRISTINA ORTIZ-MARQUEZ;
MATASHA KINDRED; DANNY
DENNIS; MARY QUINTANA,

     Defendants - Appellees.

No. 18-1250
(D.C. No. 1:18-CV-00321-GPG-LTB)
(D. Colorado)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Arthur J. Lomax appeals the district court's order denying him leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The district court denied

Mr. Lomax's motion as barred by the three-strikes provision, 28 U.S.C. § 1915(g).

Because Mr. Lomax has accumulated three strikes prior to commencing this action,

---

[*] After examining Mr. Lomax's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

and because he has not alleged sufficient imminent danger, we affirm the judgment of the district court.

## I.    BACKGROUND

Mr. Lomax is a Colorado prisoner at the Limon Correctional Facility. Mr. Lomax was previously incarcerated at the Centennial Correctional Facility and filed a complaint naming, as defendants, five Centennial Correctional Facility employees and a member of the Central Classification Committee at Offender Services. Mr. Lomax also filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Upon direction of the district court, Mr. Lomax amended his complaint. Through his amended complaint, Mr. Lomax alleged Fifth, Eighth, Ninth, and Fourteenth Amendment violations stemming from his expulsion from the Sex Offender Treatment and Monitoring Program at Centennial Correctional Facility.

The same district court dismissed three of Mr. Lomax's previous actions on the grounds that they failed to state a claim. In *Lomax v. Hoffman*, No. 13-02131-BNB, 2013 U.S. Dist. LEXIS 115589, at *4–5 (D. Colo. Aug. 15, 2013), the district court dismissed the action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a litigant cannot bring a § 1983 claim challenging a conviction's legitimacy until that conviction has been dismissed). The district court dismissed Mr. Lomax's second action, *Lomax v. Hoffman*, No. 13-cv-03296-BNB, 2014 U.S. Dist. LEXIS 8230, at *3 (D. Colo. Jan. 23, 2014), also based on the action being barred by *Heck*. Mr. Lomax brought a third action, *Lomax v. Lander*, No.

2

13-cv-00707-WJM-KMT, 2014 U.S. Dist. LEXIS 55056 (D. Colo. Apr. 21, 2014)

(adopting the magistrate judge's recommendation in *Lomax v. Lander*, No.

13-cv-00707-WJM-KMT, 2014 U.S. Dist. LEXIS 55058 at *9–22 (D. Colo. Mar. 18,

2014)), which the district court dismissed for lack of subject matter jurisdiction and

failure to state a claim.[1] The district court that screened Mr. Lomax's present

complaint concluded that all three dismissals qualified as strikes for purposes of

§ 1915(g).

Because of the previous strikes, the district court ordered Mr. Lomax to show

cause before proceeding *in forma pauperis*. In response to the show cause order,

Mr. Lomax advanced two arguments. First, Mr. Lomax argued that because the

district court dismissed his previous complaints without prejudice, the dismissals do

not count as strikes. Second, Mr. Lomax argued that if his previous dismissals

counted as strikes, he is under imminent physical danger and, therefore, satisfies the

only exception to the three strikes rule. In his response to the show cause order,

Mr. Lomax alleged his presence at the Limon Correctional Facility places him in

imminent physical danger due to how the guards there have treated him in the past.

Specifically, Mr. Lomax alleges that a Lt. Wilson physically assaulted him the last

time he was housed at Limon Correctional Facility. And, in an early filing before the

district court, Mr. Lomax reported that a Limon Correctional Facility guard

---

[1] The district court dismissed two of Mr. Lomax's claims for lack of subject matter jurisdiction and the others for failure to state a claim. *See Lander*, 2014 U.S. Dist. LEXIS 55058 at *9–22.

commented that he thought Mr. Lomax was dead by now and that, in general, the guards do not like sex offenders, have shown bias against sex offenders, and say all sex offenders should be dead.

The trial court rejected Mr. Lomax's arguments to proceed *in forma pauperis* and required him to pay the $400 filing fee if he wished to pursue his claims. Mr. Lomax appeals from the district court's denial of leave to proceed *in forma pauperis*. We exercise jurisdiction under 28 U.S.C. § 1291. *See Roberts v. U. S. Dist. Court for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950) (per curiam) (relying on *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and § 1291 to conclude "[t]he denial by a District Judge of a motion to proceed in forma pauperis is an appealable order"); *see also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005) (applying *Roberts* when taking jurisdiction over appeal from denial of motion to proceed *in forma pauperis*).

## II. DISCUSSION

Mr. Lomax proceeds without representation; thus we will "liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Accepting as true the facts laid out in the complaint, we review the district court's determination that Mr. Lomax had three strikes de novo. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011).

### A. *Motions Denied Without Prejudice Count as Strikes*

The statute governing when a prisoner is precluded from proceeding *in forma pauperis* states:

4

> In no event shall a prisoner bring a civil action or appeal a judgment in civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Lomax alleges "a dismissal without prejudice for failure to state a claim does not count as a strike." ROA at 37 (citing *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995)). Under Mr. Lomax's argument, the dismissals without prejudice of two of his prior actions as barred by *Heck* would not count as strikes.

A "dismissal for failure to state a claim under Rule 12(b)(6) satisfies the plain text of § 1915(g) and therefore will count as a strike." *Childs v. Miller*, 713 F.3d 1262, 1266 (10th Cir. 2013). Further, "[i]n this circuit, it is immaterial to the strikes analysis [whether] the dismissal was without prejudice," as opposed to with prejudice. *Id.* Finally, "[o]ur precedent holds that the dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim." *Smith*, 636 F.3d at 1312.

The previous claims Mr. Lomax filed while incarcerated were dismissed as barred by *Heck* or for failure to state a claim. And, contrary to Mr. Lomax's argument, the fact that two of the dismissals were without prejudice is immaterial. Thus, the district court correctly concluded the two *Hoffman* dismissals and the *Lander* dismissal all count as strikes.[2]

---

[2] The *Lander* dismissal does not state whether it was dismissed with or without prejudice. Unless otherwise stated, dismissals under Rule 12(b)(6) are with prejudice.

## B. *Imminent Danger of Serious Physical Injury*

The exception to the prohibition on a prisoner with three strikes proceeding *in forma pauperis* is for prisoners "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Before the district court, Mr. Lomax, in an effort to satisfy the imminent danger exception, alleged a Limon Correctional Facility guard attacked him in the past, other guards at the facility do not like sex offenders, and he fears for his life.

In evaluating Mr. Lomax's imminent danger allegations, we adopt the Second Circuit's position that an inmate seeking the imminent danger exception must show "a nexus between the imminent danger a three-strikes prisoner alleges to obtain [*in forma pauperis*] status and the legal claims asserted in his complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). To determine whether a nexus exists, a court should consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298–99.

---

*See Slocum v. Corp. Express U.S. Inc.*, 446 F. App'x. 957, 960 (10th Cir. 2011) ("Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal *with* prejudice."); *see also Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012) ("Although there is a presumption that a dismissal under Rule 12(b)(6) is a judgment on the merits made with prejudice, such a dismissal can be rendered without prejudice if the court so specifies." (citation omitted)); *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 n.7 (2d Cir. 1991); *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985).

Applying this framework, we conclude a nexus is lacking. Mr. Lomax's complaint raises claims relative to his removal from a sex offender treatment program while he was housed at the *Centennial Correctional Facility*. And the complaint alleges that five employees at the Centennial Correctional Facility, as well as a member of the Central Classification Committee at Offender Services, were responsible for his removal from the sex offender treatment program. But, Mr. Lomax's allegations regarding imminent danger involved his fears of mistreatment by guards at the *Limon Correctional Facility*. This fear is not fairly traceable to the Fifth, Eighth, Ninth, and Fourteenth Amendment violations Mr. Lomax sought to advance through his complaint. And a favorable judicial outcome will not redress any mistreatment at the hands of guards at the Limon Correctional Facility as, according to Mr. Lomax, "the only benefit that a victory in this case will provide . . . is a ticket to get in the door of the parole board." ROA at 10 (alterations in original) (quoting *Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002)). Thus, Mr. Lomax has not advanced sufficient allegations to qualify for the imminent danger exception to § 1915(g)'s prohibition on a three-strikes litigant proceeding *in forma pauperis*.

Even in the absence of the nexus requirement, Mr. Lomax has not alleged sufficient imminent physical danger as that term is understood. To qualify for the exception, a plaintiff must advance allegations that "identify at least the general nature of the serious physical injury he asserts is imminent" and that "[v]ague and utterly conclusory assertions are insufficient." *Hafed v. Fed. Bureau of Prisons*, 635

7

F.3d 1172, 1180 (10th Cir. 2011) (internal quotation marks omitted); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding general assertions are insufficient "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent physical injury"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (finding multiple generalized allegations of harassment by prison guards insufficient to establish "a pattern of threats of serious physical injury that [is] ongoing."). Finally, the allegation of imminent danger must be present "at the time [the prisoner] filed his complaint." *Hafed*, 635 F.3d at 1179.

Mr. Lomax's assertions of imminent physical danger are insufficient under this standard. Simply stating a guard attacked him in the past and still works at the prison does not indicate any type of pattern of serious and ongoing physical harm or otherwise evidence the likelihood of *imminent* danger. Accordingly, even if the nexus requirement did not apply, Mr. Lomax has not sufficiently alleged imminent physical danger and does not qualify for the exception as stated in 28 U.S.C. § 1915(g).

### III.    CONCLUSION

Mr. Lomax's challenge on appeal fails due to his previous dismissals counting as strikes and his insufficient pleading of imminent physical danger. We **AFFIRM** the district court's judgment. We also **DENY** Mr. Lomax's motion to proceed

8

without prepayment of costs and fees, and Mr. Lomax is directed to pay the appellate filing fee in full. *See Childs*, 713 F.3d at 1267; *Smith*, 636 F.3d at 1315.

Entered for the Court


Carolyn B. McHugh
Circuit Judge