# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2420
_____

Maria Guadalupe Ellis, on behalf of herself and all others similarly situated

*Plaintiff - Appellant*

v.

Nike USA, Inc.; Nike Retail Services, Inc.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 15, 2025
Filed: November 7, 2025
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

LOKEN, Circuit Judge.

Maria Guadalupe Ellis brought this putative class action against Nike USA, Inc., and its subsidiary, Nike Retail Services, Inc. (collectively, "Nike"), alleging that Nike violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*., when it falsely and misleadingly advertised "Sustainability Collection" Products as sustainable and environmentally friendly, and that Ellis would not have purchased the Products, or "would have been willing to pay a

substantially reduced price . . . if she had known that they were not sustainable." Nike moved to dismiss the MMPA claims for failure to state a claim, arguing the Complaint "does not satisfy the particularity requirements of Rule 9(b) [of the Federal Rules of Civil Procedure and] failed Rule 8's plausibility standard."[1]

Rather than respond, Ellis timely filed a First Amended Complaint ("FAC") asserting the same claims and alleging that, contrary to Nike's representations, the Products "are not made with *any* 'sustainable' materials because the Products are made with virgin synthetic and non-organic materials that are harmful to the environment." Nike filed a second motion to dismiss, arguing that Ellis (i) offered insufficient support for her claim that Nike's statements were false, as she cited "no factual support . . . to make this theory plausible," and (ii) did not allege facts that a reasonable consumer would be misled, an MMPA requirement. Ellis opposed this motion, arguing she pleaded enough facts to survive a motion to dismiss. Her Memorandum in Opposition requested that the district court grant her leave to amend in the event that it dismissed the FAC. Ellis did not file a motion to amend nor include a proposed second amended complaint with her memorandum.

Before the class was certified, the district court[2] granted Nike's second motion to dismiss, concluding Ellis has standing but the FAC failed to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). "[T]he lynchpin of every claim in Plaintiff's action is that Nike's products aren't what it says they are," the court explained. But the FAC "wholly fails to allege facts making that plausible." Ellis "confidently and repeatedly" alleges that Nike's Products "are made with virgin synthetic and non-organic materials that are harmful to the environment," but "she

---

[1]Nike also argued that Ellis lacks Article III standing. The district court ruled otherwise, and Nike did not cross appeal that ruling.

[2]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

alleges no further information whatsoever to establish how she has concluded that these two thousand products contain *no* recycled or organic fibers and are, in reality, made with virgin synthetic and non-organic materials." The FAC "says only that she purchased three products from Nike's Sustainability Collection and her unadorned conclusion that more than two thousand of Nike's Sustainability Collection products are not made with *any* recycled and organic fibers." In addition, Ellis did not plausibly plead facts that she "acted as a reasonable consumer would in light of all the circumstances," as 2020 amendments to the MMPA require.[3] The court's March 28, 2024 Order of Dismissal did not specify whether the dismissal was with or without prejudice.

Ellis timely filed a Rule 59(e) motion to alter or amend the judgment, seeking reconsideration of the March 28 Order and requesting leave to file a second amended complaint ("SAC"). Ellis argued the court erred in dismissing her complaint with prejudice, as opposed to without prejudice, and in failing to allow Ellis to amend the FAC prior to its dismissal, and therefore the court should grant her post-judgment request for leave to amend. The motion did not include a proposed SAC.

On June 10, the district court denied the Rule 59(e) motion for reconsideration and leave to file an SAC. The court concluded it had properly declined to grant Ellis pre-judgment leave to amend:

> [P]rior to the Court's dismissal, [Ellis] failed to file a motion for leave to amend. Instead, [she] elected to briefly request such leave in the

---

[3]The FAC also failed to allege sufficient facts supporting the allegation that Ellis "suffered an ascertainable loss of money or property," an element of an MMPA claim by a private plaintiff. To satisfy the rigorous pleading requirements of Rule 9(b), a private plaintiff "must plead with particularity not only the value represented, but also the actual value of the product as received in order to establish ascertainable loss." Hennessey v. GAP, Inc., 86 F.4th 823, 830 (8th Cir. 2023).

conclusion to her memorandum in opposition to [Nike's] second Motion to Dismiss. No proposed amended complaint was submitted. By failing to properly request leave to amend, the Court's refusal to grant such leave does not amount to a manifest error of law [the standard for Rule 59(e) relief]. *See In re 2007 Novastar Fin. Inc. Secs. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009).

Correctly noting that "District courts have considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored,"[4] the district court denied Ellis' post-judgment request for leave to amend, correctly citing United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743-44 (8th Cir. 2014):

Both Motions to Dismiss served as notice of the potential deficiencies within [Ellis's] initial and Amended Complaint. . . . [Ellis] was aware that her amended pleadings may have been deficient, yet she chose to proceed forward with her previously Amended Complaint. . . . [Her] failure to request leave to amend until after a final order had been issued -- a delay lasting over seven months -- amounts to unexcused delay.

As we have summarized this reasoning in prior cases, Ellis "elected to 'stand or fall'" on her FAC. Id. at 744.

Ellis timely appeals. Though the appeal encompasses both Orders, Ellis presents a single issue for our review: "Whether the District Court abused its discretion in dismissing Plaintiff's [FAC] with prejudice." At oral argument, counsel clarified that Ellis is not appealing the denial of leave to amend. Rather, she seeks remand with directions to modify the dismissal to be without prejudice. Thus, the Rule 12(b)(6) dismissal of Ellis's claims for failure to state a claim is not at issue and needs no further discussion. Reviewing the court's decision to dismiss the FAC with

---

[4]See, e.g., UMB Bank, N.A. v. Guerin, 89 F.4th 1047, 1057-58 (8th Cir. 2024).

prejudice for abuse of discretion, we affirm.  See  Knowles v. TD Ameritrade Holding Corp., 2 F.4th 751, 758 (8th Cir. 2021) (standard of review).

## Discussion

Ellis argues the district court abused its discretion, not in dismissing her FAC under Rule 12(b)(6) for failing to state a claim, but in dismissing the FAC with prejudice.  The second sentence of Fed. R. Civ. P. 41(b) addresses this question: "Unless the dismissal order states otherwise, . . . any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits."  An adjudication on the merits "is the opposite of a 'dismissal without prejudice.'"  Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001).  Consistent with the plain language of Rule 41(b), unless the dismissal order states otherwise, "a district court order that dismisses a case under Rule 12(b)(6) without stating whether it is with or without prejudice operates as a dismissal with prejudice."  Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 132 (D.C. Cir. 2012) (Kavanaugh, J., concurring).  Here, the district court did not specify that its dismissal was without prejudice.

Applying this rule, we recognize "a presumption that a dismissal under Rule 12(b)(6) is a judgment on the merits made with prejudice . . . [and] such a dismissal can be rendered without prejudice if the court so specifies."  Orr v. Clements, 688 F.3d 463, 465 (8th Cir. 2012); see Phoenix Ent. Partners, LLC v. Star Music, Inc., No. 16-CV-4078, 2017 WL 5714021, at *5 (D. Minn. Nov. 28, 2017) ("Nothing requires that a Rule 12(b)(6) dismissal for failure to state a claim be without prejudice; to the contrary, Rule 12(b)(6) dismissals are commonly with prejudice.").  Arguing these cases "have no relevance," Ellis argues the district court's decision to dismiss with prejudice is "clear error under Eighth Circuit law" that dismissal with prejudice is a "drastic and extremely harsh sanction . . . [that] is warranted only by a pattern of intentional delay by the plaintiff, or in 'cases of willful disobedience of a court order

or continued or persistent failure to prosecute a complaint.'" Clayton v. White Hall School District, 778 F.2d 457, 460 (8th Cir. 1985) (cleaned up).

The problem with this argument is that the standard in Clayton applies when the plaintiff "fails to prosecute or to comply with these rules or a court order," the first sentence of Rule 41(b). Thus, it governs review of the proper sanction in most of the involuntary dismissal cases that have come before us on appeal. See, e.g., Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 439 (8th Cir. 1983) (affirming dismissal with prejudice for "persistence in refusing to conform his pleadings to the requirements of Rule 8"); Skelton v. Rapps, 187 F.3d 902, 908 (8th Cir. 1999) (with prejudice dismissal reversed because there was no "clear record of delay or contumacious conduct by the plaintiff") (citation omitted). But the second sentence of Rule 41(b) confirms that a Rule 12(b)(6) dismissal for failure to state a claim is not "a dismissal under this subdivision (b)" -- rather, it is a "dismissal not under this rule . . . [that] operates as an adjudication on the merits" unless it is a dismissal for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19." Because the dismissal of Ellis's FAC falls under the second sentence of Rule 41(b) and the district court did not specify the dismissal was without prejudice, the "presumption that a dismissal under Rule 12(b)(6) is a judgment on the merits made with prejudice" applies. Orr, 688 F.3d at 465.

Applying the proper standard, the district court did not abuse its broad discretion in dismissing Ellis's FAC with prejudice when Ellis "chose to stand on [her FAC], confident [her] allegations were sufficient." Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 665 (8th Cir. 2012). After Nike moved to dismiss Ellis's initial complaint, pointing out glaring pleading deficiencies, Ellis amended her complaint. Nike then moved to dismiss the FAC under Rule 12(b)(6), arguing it suffered from the same pleading deficiencies. Ellis had seven months to *properly* seek leave to file a second amended complaint by filing a motion to amend with a proposed SAC before the district court issued its March 28 dismissal Order. She did not, choosing

to stand on her complaint, with a single line in her Memorandum in Opposition to Defendant's second Motion to Dismiss requesting leave to amend again if the court dismissed her complaint. Given her "inability to allege facts sufficient to state a claim against [Nike] even after being granted leave to amend, we cannot say that the district court abused its discretion in dismissing the action with prejudice." Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 653 (8th Cir. 1998); see Pet Quarters, Inc. v. Depository Tr. & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009) (leave to amend is inappropriate "where the plaintiff has not indicated how it would make the complaint viable").

There was no error of law or abuse of the district court's remedial discretion. The judgment of the district court is affirmed.

_____