Faustino PERALTA, Plaintiff–
Appellant,

v.

Peter M. LEAVITT, George B. Quin-
lan, Rick Whelan, and James Bra-
dy, Defendants–Appellees.

Docket No. 02–0083.

United States Court of Appeals,
Second Circuit.

Jan. 16, 2003.

Faustino Peralta, Franklin, Correctional
Facility, Malone, NY,* for Appellant, pro
se.

Present: WINTER, CABRANES,
Circuit Judges, and AMON,** District
Judge.

---

* In a letter dated April 12, 2002, the New York State Attorney General's Office indicated to the Clerk of this Court that it would not appear or file a letter brief on behalf of the defendants because the district court dismissed the case *sua sponte,* before the Attorney General's Office was served with the complaint.

** The Honorable Carol B. Amon of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Faustino Peralta is a prisoner at the Franklin Correctional Facility in Malone, New York. He filed the Complaint in the instant action *pro se* on May 21, 2001 in the United States District Court for the Southern District of New York (Michael B. Mukasey, *Chief Judge),* claiming that the defendants violated his rights under 42 U.S.C. § 1983. Specifically, he claims that the defendants "acted under the color of state law and deprived him of [his] rights, privileges, and immunities secured by the Constitution and the laws of the United States" by, *inter alia,* unlawfully searching, interrogating and detaining him, and committing false arrest. Complaint at 4–9.

On February 27, 2002, the District Court, acting *sua sponte,* dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). *Peralta v. Leavitt,* 02 Civ. 1534(MBM) (S.D.N.Y. filed Feb. 27, 2002). The Court noted that the Complaint failed to clarify whether charges resulting from the defendants' allegedly unlawful conduct were still pending against Peralta. The District Court determined that, if the criminal proceedings against Peralta were still ongoing, the Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. To support this conclusion, the Court relied on *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), and *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which establish that federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of great and immediate harm.

In the alternative, the District Court held that, if the proceedings against Peralta have been concluded, the Complaint must still be dismissed for failure to state a claim because it fails to allege that the charges for which he was arrested were terminated in his favor. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Further, the District Court noted that, even if Peralta had alleged that the criminal proceedings against him were terminated in his favor, his Complaint should still be dismissed as untimely. The Court noted that the events forming the basis of the Complaint occurred on October 29, 1996 and the Complaint was not filed until May 21, 2001. Because the applicable statute of limitations is three years, the Court concluded that the Complaint was untimely.

Finally, the District noted that, even if the Complaint could be construed as a petition for a writ of habeas corpus, it must be dismissed because it does not indicate whether Peralta has exhausted his available state remedies, as required by 28 U.S.C. § 2254(b) and (c).

We find the opinion of the District Court to be thorough and accurate. Moreover, because the District Court dismissed the Complaint without prejudice, Peralta may file another action pertaining to the same events if he believes he is able to cure the defects present in the instant Complaint.

Accordingly, the judgment of the District Court is hereby AFFIRMED.