[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13314
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60424-CV-WPD

ALONZO P. NEWSOME,

Plaintiff-Appellant,

versus

BROWARD COUNTY PUBLIC DEFENDERS,
Hon. Howard Finkelstein, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 22, 2008)

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Alonzo P. Newsome appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he challenged his state civil commitment proceedings on constitutional grounds. Because the district court did not abuse its discretion in abstaining from deciding the merits of Newsome's claims, we AFFIRM.

## I. BACKGROUND

Newsome is a convicted sex offender who is currently being detained under Florida's Jimmy Ryce Act ("JRA"), Fla. Stat. §§ 394.910-934, which establishes "a commitment procedure for the long-term care and treatment of sexually violent predators." Id. § 394.910. During the pendency of his civil commitment proceedings, Newsome filed pro se the instant § 1983 civil rights complaint in the Southern District of Florida against: (1) the Broward County Office of the Public Defender, Howard Finkelstein, the Public Defender of Broward County, Florida, and Robert Jakovich, the Assistant Public Defender assigned to Newsome's civil commitment proceedings; (2) the Broward County Office of the State Attorney and Michael J. Satz, State Attorney of Broward County, Florida; (3) the Hon. Dale Ross, Chief Judge of the Seventeenth Judicial Circuit; (4) the Florida Department of Corrections and its Secretary, James R. McDonough; and (5) the Florida Department of Children and Families and its Secretary, Robert Butterworth. R1-1

at ¶¶ 1, 13-23. In his complaint, Newsome alleged, <u>inter alia</u>, that his pre-trial detention without a probable cause hearing violated his Fifth and Fourteenth Amendment due process rights and that the public defender appointed to represent him in the civil commitment proceeding violated his Sixth Amendment right to the effective assistance of counsel by failing to demand a probable cause hearing and to confer with him about his case. <u>Id.</u> ¶¶ 1, 2, 7, 54-55, 63-68, 72, 74-81. He further alleged that Fla. Stat. § 394.915 was unconstitutional both on its face and as applied, and that Fla. Stat. §§ 394.913(1) and 916(1) were unconstitutional as applied.[1] <u>Id.</u> ¶¶ 33 n.2, 35-36, 43-45. Newsome included in his complaint a request for a declaratory judgment that the challenged provisions of the JRA are

---

[1] Section § 394.913(1) requires the Florida Department of Corrections to give notice of a potential civil committee's anticipated release date to the state attorney and to provide certain medical and other information to a multidisciplinary team of health professionals for a determination of whether the person is a sexually violent predator within the meaning of the JRA. <u>See</u> Fla. Stat. § 394.913(1).

Section 394.15 provides, in relevant part, that "[w]hen the state attorney files a petition seeking to have a person declared a sexually violent predator, the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator." Fla. Stat. § 394.15.

Section 394.16(1) requires the trial court to conduct a civil commitment trial within thirty days of a probable cause determination. <u>See</u> Fla. Stat. § 394.916(1).

unconstitutional and an injunction ordering the defendants to "submit and implement a plan correcting the constitutional and statutory deficiencies alleged in this complaint." Id. ¶ 85.

The district court dismissed Newsome's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, finding that the complaint was barred under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971) because the relief Newsome sought would have the practical effect of enjoining the pending state civil commitment proceedings. R1-9 at 1-2.[2] Newsome appeals, arguing that Younger did not require the district court to abstain from deciding his constitutional claims. We disagree.

## II. DISCUSSION

We review a district court's decision to abstain from exercising its jurisdiction for an abuse of discretion. See 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Under Younger, federal courts may not enjoin state court proceedings.[3] 401 U.S. at 41, 91 S. Ct. at 749. Accordingly, federal courts

---

[2] The district court found additionally that Newsome's complaint was due to be dismissed under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), because a judgment in his favor necessarily would call into question the validity of the state commitment proceedings. See R1-9 at 2-3. Because we conclude that Newsome's suit was properly dismissed pursuant to the Younger abstention doctrine, we need not decide whether his claims also were Heck-barred.

[3] "Although Younger concerned state criminal proceedings, its principles are fully applicable to noncriminal judicial proceedings when important state interests are involved." 31

4

ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982). With respect to the first Middlesex factor, the relevant inquiry is "whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." 31 Foster Children, 329 F.3d at 1276.

It is clear in this case that the pending state civil commitment proceedings would be impermissibly disrupted, if not wholly invalidated, were the district court to grant a declaratory judgment in Newsome's favor finding the JRA unconstitutional. See Younger, 401 U.S. at 41 n.2, 91 S. Ct. at 749 n.2 ("[D]eclaratory relief is . . . improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated."). It is equally clear that this case involves an important state interest, namely, Florida's need to ensure that violent sex offenders do not harm its citizens after the expiration of their incarcerative sentences. Finally, although Newsome asserts that

_____

Foster Children, 329 F.3d at 1274 (quotation marks and citation omitted).

he has been unable to vindicate his constitutional rights, he has not shown that he has been procedurally prevented from raising his federal claims in the state courts. In fact, the record reflects that in September 2007, Newsome challenged the validity of his pre-trial detention in a state petition for writ of habeas corpus, which was denied.[4]  See R1-1 at 66, 70; Newsome v. Butterworth, 969 So. 2d 1147 (Fla. Dist. App. 2007).  Newsome thus had, and availed himself of, a meaningful opportunity to present his constitutional claims in state court.  See Pompey  v. Broward County, 95 F.3d 1543, 1551 (11th Cir. 1996) (affirming dismissal of § 1983 complaint under Younger where plaintiffs, incarcerated following civil contempt hearings for failure to pay child support, could have sought habeas corpus relief in Florida state court). The fact that Newsome's claims were unsuccessful on the merits is immaterial.  See Pompey, 95 F.3d at 1551 (noting that "for abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters . . . [but rather] whether the

_____

[4] Florida courts consistently have held that habeas corpus is the appropriate remedy for challenging pre-trial detentions in civil commitment proceedings under the JRA. See Murray v. Regier, 872 So. 2d 217, 222 (Fla. 2002) (holding that the writ of habeas corpus "remains available to test pretrial detention" because "[a] detainee should not be foreclosed from raising a constitutional claim pretrial if the resolution of that claim could end a lengthy pretrial detention"); see also Valdez v. Moore, 745 So. 2d 1009 (Fla. Dist. App. 1999) (granting habeas petition based on petitioners' due process challenge to pre-trial detention under the JRA without probable cause hearing); Manning v. State, 913 So. 2d 37, 38 (Fla. Dist. App. 2005) (holding that involuntary committee under JRA must raise ineffective assistance of counsel claim through habeas corpus petition).

6

plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts").

Because each of the <u>Middlesex</u> factors was satisfied in this case, the district court did not abuse its discretion in abstaining from deciding Newsome's claims. Accordingly, the judgment of the district court dismissing Newsome's complaint is **AFFIRMED.**