In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3670

JEFFREY WILLIAM PAUL,

*Plaintiff-Appellant*,

*v.*

HELEN J. MARBERRY, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 2:10-cv-180-WTL-TAB—**William T. Lawrence**, *Judge*.

SUBMITTED JULY 20, 2011—DECIDED SEPTEMBER 6, 2011

Before POSNER, KANNE, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, an inmate of a federal prison in Indiana, seeks damages from prison personnel who he claims violated his right under the Eighth Amendment not to be subjected to cruel and unusual punishments. He alleges that they used an excess of force in removing him from his cell during a shakedown and that having removed him they confined him under unduly harsh conditions and refused

to provide medical care for the injuries he'd sustained as a result of the force used against him. The district judge denied the plaintiff's motion to be allowed to proceed *in forma pauperis*, on the ground that he had three strikes, one for each of three previous civil suits brought by him that had been dismissed. 28 U.S.C. § 1915(g). (Two of those suits are called *Paul v. United States District Court*. They are No. 2:09-cv-345-LJM-DML (S.D. Ind. Dec. 3, 2009), and No. 2:09-cv-347-LJM-DML (S.D. Ind. Dec. 3, 2009). The third is *Paul v. United States*, No. 2:09-cv-346-RLY-WGH (S.D. Ind. Dec. 2, 2009).) The plaintiff failed to pay the filing and docketing fees in full and so the judge dismissed the suit, though without prejudice.

The statute we cited requires that a prisoner prepay in full all filing and docketing fees in civil actions and appeals if on three or more occasions while in prison he had "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." But the three suits that the judge thought had cost the plaintiff strikes had all been dismissed not as frivolous, malicious, or failing to state a claim, but instead for failure to prosecute. In each case the district judge had rightly found the complaint to be "unintelligible" and dismissed it on the basis of Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Typical is the claim in the second of the three cases in which the plaintiff received a third strike: "Agencies of the United States of America within or without protec-

tion of sovereign title did use sovereign privilege to initiate dependent and oppressive situations of involuntary servitude, economic leverage and situations of, and requiring contacts with or through mutually exclusive people and places that by design or definition include contingent actions of cession inconsolable to my character. Previous to current request on this paper I claimed and contributed to the record and in fact have maintained that my complaints to that extent resulted in attacks and commitments to what anywhere else would be considered a post or station and have incurred criminal complaints as well as consecutive psychosomatic attacks and separations previous to the present and the present situation actually and ideally."

In each case the judge had granted leave to the plaintiff to file an amended complaint that would be intelligible, but the plaintiff had neither filed an amended complaint nor otherwise responded and the judge had then dismissed the case for want of prosecution, but without prejudice. There was actually a fourth suit, also unintelligible, also dismissed for failure to prosecute (again without prejudice), *Paul v. United States*, No. 2:09-cv-349-WTL-TAB (S.D. Ind. Dec. 2, 2009), plus two other unintelligible suits filed after the complaint in this case (both also named *Paul v. United States*—No. 2:10-cv-194-JMS-DML (S.D. Ind. Sept. 14, 2010), and No. 2:11-cv-29-JMS-TAB (S.D. Ind. Feb. 15, 2011)), both again dismissed, one with and one without prejudice.

So: within a space of 13 months a prisoner files seven suits (including the present one); in all but

one case the complaint is unintelligible; all are dismissed but none is dismissed for being frivolous or malicious or failing to state a claim. Can he be permitted to continue on this path until the statute of limitations expires, without ever having to pay a filing or docketing fee? His complaint in the present suit, which states that another inmate wrote it for him, does state a claim, but it was filed after four of his suits had been dismissed.

Dismissals because the plaintiff failed to prosecute his case are deemed to be with prejudice unless the order of dismissal states otherwise, Fed. R. Civ. P. 41(b)—but the orders in six of the seven cases, including the present one, do state otherwise. Why the judges dismissed five of those six cases without prejudice is unexplained. (The dismissal of the present suit without prejudice was correct, however, since if the plaintiff files the required filing and docketing fees there is no reason he shouldn't be allowed to reinstate the suit.) But it doesn't matter, because all that "dismissal without prejudice" means is that the plaintiff can refile his suit if he corrects the error or other deficiency that caused the suit to be dismissed. A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, *Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811 (7th Cir. 1998), whether or not it's with prejudice. E.g., *Smith v. Veterans Administration*, 636 F.3d 1306, 1313 (10th Cir. 2011); *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008).

The Fourth Circuit, it is true, has held that when the ground for a dismissal is failure to state a claim, the

dismissal cannot be a strike if it is without prejudice. *McLean v. United States*, 566 F.3d 391, 396-97 (4th Cir. 2009). The concern is that by dismissing without prejudice a suit for failure to state a claim, a judge might not *really* mean that the complaint failed to state a claim; he might mean just that the claim was "potentially meritorious but inartfully pleaded." *Id*. at 397. So "without prejudice" may be an aid in interpreting a dismissal—may show that the stated ground was misleading—but normally a dismissal of a suit because the suit is frivolous or malicious, or fails to state a claim, is with prejudice and therefore unambiguously based on a ground in section 1915(g). See *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

If, as seems to have been the situation in the Fourth Circuit's case, a judge dismisses a complaint because he can't tell whether it states a claim, and thus explicitly or implicitly invites the plaintiff to amend the complaint and the plaintiff does so, the dismissal is interlocutory; the amendment keeps the suit going rather than initiating a new suit. So—we imagine all courts would agree—the dismissal of the first complaint is not a strike. But when, as in each of the three cases on which the judge in the present case based his three-strike finding, the plaintiff is told to amend his unintelligible complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.

In each of the three cases the initial complaint was "simply incomprehensible and thus failed to disclose

the presence or absence of a claim for which relief might be granted by a federal court." *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999); see also *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (733-page complaint!); *Anderson v. U.S. Dep't of Housing & Urban Development*, 554 F.3d 525, 528-29 (5th Cir. 2008); *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). Dismissal of such a claim is required by Rule 8(a)(2), which in requiring that the statement of a claim be "plain" requires that it be intelligible. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994); *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 154 (1st Cir. 2007). Ordinarily, it is true, when a complaint contains "amorphous" claims that fail to give the defendant "fair notice" and so must be dismissed under that rule, the "plaintiff should be given a chance to amend his complaint to demonstrate whether some legally sufficient claim lies hidden beneath the obscure allegations." *Pamel Corp. v. Puerto Rico Highway Authority*, 621 F.2d 33, 36 (1st Cir. 1980); see also *Ciralsky v. CIA*, 355 F.3d 661, 670 (D.C. Cir. 2004). But the plaintiff gets that chance—our plaintiff got it—automatically because dismissal under Rule 8(a)(2) is the dismissal of a complaint (or portions of a complaint), not of the case. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 782 (7th Cir. 2007); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Having been given that chance, however, and having failed to take it, the plaintiff should in each of the three

cases have been shut down, his suit dismissed for failure to state a claim; for in each case all the judge was left with was a complaint that, being irremediably unintelligible, gave rise to an inference that the plaintiff could not state a claim. Dismissal under Rule 12(b)(6) was the proper course. E.g., *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011).

An inference of "malice" (an independent ground for calling a strike) could also be drawn if, as possibly demonstrated by this plaintiff's repeated filing of unintelligible complaints, the prisoner's conduct indicates that he "intended to harass," as in *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

Judge Lawrence described the three earlier cases as each having been "dismissed on the grounds that it was frivolous or failed to state a claim." They indeed failed to state a claim and each should have been dismissed with prejudice on that ground.

That said, we think the plaintiff was entitled to take the previous dismissals at face value, and since none of them was based on any of the grounds specified in section 1915(g), to infer that he was not incurring strikes by the repeated dismissals. The statute is explicit, and the case law confirms, see, e.g., *Haury v. Lemmon*, No. 11-2148, slip op. at 4-5 (7th Cir. Aug. 25, 2011) (per curiam*); Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007), that classifying a dismissal as a strike depends on the grounds given for it; since most prisoners litigate their civil claims pro se, they should not be required to

speculate on the grounds the judge could or even should have based the dismissal on. It is true that had the plaintiff appealed any of his previous dismissals, we might have affirmed on a ground, different from the district judge's, that would have given him a strike. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). But that is different from giving a prisoner a strike, especially a third strike, when no court had mentioned a ground for dismissal specified in the statute for calling a strike.

We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.