**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6791**

---

JOEL AARON BURRELL,

Plaintiff - Appellant,

v.

D. SHIRLEY, Correctional Officer; JANE DOE, Med Tech; Correctional Officer
SCADD; D. WILLIAMS, Correctional Officer; A. CASPER, Sergeant; Captain
BHAGIRATH; WILLIAM A. ANDERSON, Assistant Superintendant; A. BOYER,
Sergeant; K. MURPHY; JOHN DOE, Med Tech; Officer/Corporal JONES,

Defendants - Appellees.

--------------------------------

TIMUR AKMAN-DUFFY

Court-Assigned Amicus Counsel.

---

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. T.S. Ellis, III, Retired District Judge. (1:22-cv-00716-TSE-WEF)

---

Argued:  May 7, 2025                              Decided:  July 1, 2025

---

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Quattlebaum wrote the opinion, in
which Judge Thacker and Judge Harris joined.

---

**ARGUED:** Aasha Rajani, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Timur Akman-Duffy, O'MELVENY & MYERS LLP, Washington, D.C., for Court-Assigned Amicus Counsel. **ON BRIEF:** Erica Hashimoto, Director, Eveet Gabriel, Student Counsel, Kayla Minton Kaufman, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. David Roberts, Katie DeMallie, O'MELVENY & MYERS LLP, Washington, D.C., for Court-Assigned Amicus Counsel.

QUATTLEBAUM, Circuit Judge:

Under 28 U.S.C. § 1915, federal courts may permit an indigent prisoner to proceed without prepaying filing fees or giving security. The legal term for proceeding this way is *in forma pauperis*. But Congress expressed concern that prisoners were filing many "frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013) (en banc). So, in 1996, Congress limited a prisoner's ability to file lawsuits via the Prison Litigation Reform Act, Pub. L. No. 104-134, secs. 801–10, 110 Stat. 1321-66 through -77 (1996). One of the limitations is known as the three-strike rule. It prohibits a prisoner from bringing a civil action or appeal *in forma pauperis* if he has, on three prior occasions while incarcerated, brought an action or appeal that was dismissed for frivolousness, maliciousness or failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).[1] Once a prisoner accumulates three strikes—three actions dismissed on the grounds of frivolousness, maliciousness or failure to state a claim upon which relief may be granted—the prisoner "must prepay the filing fee before proceeding, just like any other plaintiff." *Brunson v. Stein*, 116 F.4th 301, 305 (4th Cir. 2024) (citing 28 U.S.C. § 1914(a)).

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Joel Aaron Burrell, a prisoner since at least 2017, has filed a number of lawsuits in the Eastern District of Virginia. He had filed at least three by the time he filed the underlying action. In this action, the district court concluded that three of Burrell's prior suits were dismissed for failure to state a claim. So, the court applied § 1915(g)'s three-strike rule to deny *in forma pauperis* status. Then, because Burrell had not paid the filing fee, the court dismissed the action.

Burrell now appeals, arguing that two of the prior suits did not constitute § 1915(g) strikes. We agree that his first suit—dismissed under the *Younger* abstention doctrine—is not a strike. We conclude that the second suit—where a district court found failure to state a claim, gave Burrell an opportunity to amend the complaint and then dismissed because Burrell never did so—would ordinarily constitute a strike. But § 1915(g) and our precedent instruct us to count strikes at the time the action is brought. *See Taylor v. Grubbs*, 930 F.3d 611, 617 (4th Cir. 2019). And here, Burrell filed the underlying action *before* the second suit was dismissed. So, the second suit cannot constitute a strike in this case. Because Burrell had only a single strike when he filed this action, the district court erred in applying § 1915(g).

## I.

### A. Prior Filings

To assess the district court's § 1915(g) strike calls, we must first review Burrell's prior suits and their dismissals.

4

*1. Burrell v. Unknown, Case No. 1:18-cv-00140 (E.D. Va. 2018)*

While detained at the Hampton Roads Regional Jail in January 2018, Burrell wrote a letter to the Eastern District of Virginia. He described irregularities in his ongoing state criminal prosecution, which was scheduled for trial in March 2018. He alleged a "miscarriage of justice," claimed a violation of his "Speedy Trial Rights," identified "perjured testimony," sought a "change of venue" and complained of a "judicial corruption situation where a conflict of interest keep [sic] arising." J.A. 58–61.

The district court docketed the case "as a civil rights action, pursuant to 42 U.S.C. § 1983." J.A. 65. The Prison Litigation Reform Act requires district courts to initially screen a prisoner complaint for frivolousness, maliciousness, failure to state a claim or immunity. 28 U.S.C. § 1915A. So, in February 2018, the district court screened the *Unknown* complaint and concluded it "fail[ed] to state a claim for which § 1983 relief presently is available." J.A. 66–67. Because Burrell requested relief from an ongoing prosecution in the Hampton Circuit Court, the court abstained under *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, it dismissed the action "for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1)." J.A. 68.

*2. Burrell v. Anderson, Case No. 1:21-cv-00864 (E.D. Va. 2021)*

Burrell, while still a prisoner, filed a § 1983 complaint and *in forma pauperis* application in July 2021. The district court screened the complaint and found it failed to state a claim for relief. But the court conditionally filed the complaint and ordered Burrell to amend it with more particular allegations within 30 days. The court also provided some

instructions—name all defendants, identify each claim and submit a statement of background facts describing the specific conduct of each defendant.

Burrell then filed his first amended complaint. He raised claims of deliberate indifference to medical care based on two July 2021 incidents, amongst other claims. The district court found this pleading was still not sufficiently particular, so it again ordered Burrell to amend his complaint within 30 days with more specific allegations.

Burrell accordingly filed his second amended complaint. He again alleged that correctional officers were deliberately indifferent to his medical needs two times in July 2021. In May 2022, the district court concluded the complaint failed to state a claim for relief because Burrell failed to allege the length of the delays which, under Fourth Circuit precedent, is a critical fact in a medical deliberate indifference case. *See Moskos v. Hardee*, 24 F.4th 289, 298 (4th Cir. 2022). The district court once again ordered Burrell to particularize and amend his complaint within 30 days.[2]

After 30 days, Burrell had not filed an amended complaint. So, on June 29, 2022, the district court dismissed Burrell's suit "for noncompliance with a court order." J.A. 261. It again flagged that Burrell's second amended complaint lacked sufficient factual allegations regarding delay of medical care. And it grounded its dismissal in the court's

---

[2] In the second amended complaint, Burrell also alleged several other defendants, on other occasions, were deliberately indifferent to his medical needs. The claims against other defendants failed to comply with joinder rules, so the court dismissed them without prejudice.

6

inherent authority to manage its docket. Thus, it dismissed the action without prejudice "pursuant to 28 U.S.C. § 1915A(b)(1)." J.A. 262.[3]

### 3. *Burrell v. Va. Pilot*, Case No. 1:21-cv-00865 (E.D. Va. 2021)

Contemporaneous with his *Anderson* complaint, Burrell sued several news organizations under § 1983. In July 2021, the district court dismissed the action for failure to state a claim for relief because the media defendants were not acting under color of state law. Burrell appealed to the Fourth Circuit but then voluntarily dismissed his appeal.

### B. Procedural Background

Finally, on June 23, 2022, Burrell filed the action under review—a § 1983 action against several correctional officers. The district court ordered Burrell to either pay the filing fee or move to proceed *in forma pauperis*. Burrell pursued the second option.

In July 2023, the district court denied Burrell's motion to proceed *in forma pauperis*. Applying § 1915(g)'s three-strike rule, the court counted three prior dismissals for failure to state a claim for which relief could be granted—*Unknown*, *Anderson* and *Va. Pilot*. It noted that Burrell alleged no facts supporting the "imminent danger of serious physical injury" exception to § 1915(g). So, the court determined that § 1915(g) prohibited Burrell from proceeding *in forma pauperis*. Because Burrell had not paid the filing fee, the district

---

[3] Later, Burrell wrote a letter to the court, claiming that he had mailed a third amended complaint. The court treated the letter as a motion to reconsider under Federal Rule of Civil Procedure 59(e). Because Burrell provided no proof of this third amended complaint, the district court denied Burrell's motion. Burrell appealed the dismissal and reconsideration decisions to the Fourth Circuit. In a brief per curiam order, we found "no reversible error" in the district court's decisions to dismiss and to deny reconsideration. *Burrell v. Anderson*, Case No. 22-6870, 2022 WL 17819306, at *1 (4th Cir. Dec. 20, 2022).

7

court dismissed the action. It informed Burrell that the clerk would reopen the action if he paid the filing fee within 30 days. Burrell never paid the filing fee. But he did timely appeal in August 2023.[4]

During the pendency of the appeal, Burrell moved the district court for relief from judgment under Federal Rule of Civil Procedure 60(b). Pursuant to Federal Rule of Civil Procedure 62.1(a), the district court issued an indicative ruling that *Unknown*—the *Younger* abstention case—should not have counted as a § 1915(g) strike.

## II.

Burrell's appeal challenges whether *Unknown* and *Anderson* constitute § 1915(g) strikes.[5] We review *de novo* this question of law—whether a particular dismissal constitutes a strike under § 1915(g). *See Blakely*, 738 F.3d at 610. No one disputes that *Va. Pilot* was dismissed for failure to state a claim and thus constitutes a strike. So, our inquiry focuses on *Unknown* and *Anderson*.

As to *Unknown*, we conclude that dismissal based on *Younger* abstention is not "on the grounds that it . . . fails to state a claim upon which relief may be granted." 28 U.S.C.

---

[4] We appointed Erica Hashimoto of the Georgetown University Law Center Appellate Litigation Program to represent Burrell. We then appointed Timur Akman-Duffy of O'Melveny & Myers LLP as amicus counsel in support of the district court's decision. We thank appointed counsel for their able assistance.

[5] The district court exercised federal question jurisdiction under 28 U.S.C. § 1331. It dismissed Burrell's action for nonpayment of the filing fee, and we therefore have jurisdiction to review this final judgment under 28 U.S.C. § 1291. *See Hall v. United States*, 44 F.4th 218, 234 n.3 (4th Cir. 2022) (Richardson, J., concurring in judgment).

§ 1915(g). Nor is it on the grounds of frivolousness or maliciousness. Thus, *Unknown* does not constitute a § 1915(g) strike.

As to *Anderson*, when a plaintiff declines an opportunity to amend a complaint that a court has already found fails to state a claim, the but-for cause of dismissal is failure to state a claim. So, *Anderson* would ordinarily constitute a § 1915(g) strike. But *Anderson* was dismissed after Burrell filed the action under review. Because the statute requires strikes to be counted at the time of filing, *Anderson* cannot constitute a strike in this case.

## A. *Younger* Abstention

We begin with the district court's dismissal of *Unknown* on *Younger* abstention grounds. Our question is straightforward. Is a dismissal based on *Younger* abstention a dismissal "on the grounds that [the action] . . . fails to state a claim upon which relief may be granted[?]" 28 U.S.C. § 1915(g).[6] We conclude the answer is no.

Whether a dismissal constitutes a strike turns on whether "an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal." *Blakely*, 738 F.3d at 610. In applying that principle, we look to the underlying grounds for the dismissal, rather than the procedural posture or label. For example, although the standard for Federal Rule of Civil Procedure 56 is the absence of a genuine

---

[6] Burrell argues the district court should never have characterized his January 2018 letter as a § 1983 complaint. This argument fails because *in forma pauperis* motions "present no occasion for relitigating final judgments." *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007). Even if a court believes a prior court erred in dismissing a complaint, "all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done." *Id.* at 439. We cannot review the *Unknown* court's construal decision in this appeal.

9

dispute of material fact, "a summary judgment dismissal stating on its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of the [Act's] three-strikes provision." *Id.* at 613. Also, a Rule 12(c) dismissal for judgment on the pleadings can constitute a strike. *See Tolbert v. Stevenson*, 635 F.3d 646, 654 n.9 (4th Cir. 2011). And we recently concluded that a dismissal under the *Heck* rule constitutes a strike. *See Brunson v. Stein*, 116 F.4th 301, 306 (4th Cir. 2024). The *Heck* rule requires a state prisoner seeking § 1983 damages to prove his conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Given that requirement, we concluded that invalidation is "an element of the type of § 1983 claims *Heck* identified." *Brunson*, 116 F.4th at 306. So, failure to plead invalidation is a failure to state a claim upon which relief may be granted. *Id.*

On the other side of the line, a dismissal for lack of jurisdiction is not a strike. *See Thompson*, 492 F.3d at 437. "[I]n enacting section 1915(g), Congress chose to mirror the language of Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1)." *Id.* A jurisdictional dismissal is not based on a plaintiff's failure to state a claim for relief, but rather the court's lack of power to hear the case. Also, a dismissal for failure to exhaust administrative remedies is not a strike. *See Green v. Young*, 454 F.3d 405, 408 (4th Cir. 2006) (explaining the Prison Litigation Reform Act's inclusion of an exhaustion requirement elsewhere in the statute excludes one from the three-strike rule).

Considering this line of cases, a key question is whether the dismissal required the district court to assess the merits of the allegations. *See Jones v. Bock*, 549 U.S. 199, 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as

10

true, show the plaintiff is not entitled to relief."). In *Blakely*, *Tolbert* and *Brunson*, the district courts considered the merits of the allegations. Thus, we held those dismissals counted as strikes. In contrast, neither a dismissal for lack of jurisdiction nor one for failure to exhaust evaluates the merits of the allegations.

*Younger* abstention falls on the non-strike side of the line. The *Younger* abstention doctrine requires federal courts to abstain from interfering with state court proceedings because of comity and federalism. 401 U.S. at 43–44. Like a jurisdictional dismissal, *Younger* abstention "curtails [] an examination [of the merits]." *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). A district court abstaining under *Younger* never assesses whether the complaint states a viable claim for relief; instead, it determines that good-faith, ongoing state proceedings offer an adequate opportunity for a plaintiff to litigate his constitutional claims, and it therefore dismisses the federal case. *Id.*; *see also Carbajal v. McCann*, 808 F. App'x 620, 629–30 (10th Cir. 2020).[7] Because the court never assesses the merits of the complaint, *Younger* abstention is more like absence of jurisdiction or failure to exhaust.

Resisting this conclusion, amicus states *Younger* abstention is not a jurisdictional dismissal. That point is correct. *See Nivens v. Gilchrist*, 444 F.3d 237, 247 n.7 (4th Cir.

---

[7] Amicus has identified two unpublished, out-of-circuit decisions treating *Younger* abstention as a dismissal for failure to state a claim for relief. *See Peralta v. Leavitt*, 56 F. App'x 534, 535 (2d Cir. 2003) (dismissal under 28 U.S.C. § 1915A(b)(1)); *Newsome v. Broward Cnty. Pub. Defs.*, 304 F. App'x 814, 815 (11th Cir. 2008) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). These decisions do not explain why a dismissal under *Younger* is a failure to state a claim, and we do not find them persuasive.

11

2006) ("*Younger* abstention 'does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced.'" (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986))). Amicus then argues that if it's not a Federal Rule of Civil Procedure 12(b)(1) dismissal for lack of jurisdiction, it must be a Rule 12(b)(6) dismissal for failure to state a claim. This is where amicus goes astray. Following that logic, a dismissal for failure to exhaust—which also is not jurisdictional—would count as a strike. But we concluded that dismissal for failure to exhaust is not a § 1915(g) strike. *Green*, 454 F.3d at 408–09.

In sum, the *Unknown* case was not dismissed because of a failure to state a claim for which relief could be granted. Nor was it dismissed for frivolousness or maliciousness. Instead, the court abstained from considering the sufficiency of the complaint under *Younger*. The district court erred by counting *Unknown* as a § 1915(g) strike.

## B. Failure to Amend

We now turn to *Anderson*, where the district court found the second amended complaint failed to state a claim for relief, ordered Burrell to correct deficiencies within 30 days by amendment and then dismissed the case when Burrell failed to amend.

### 1. Failure to Amend After Failure to State a Claim

A court may dismiss a case for failure to prosecute or comply with court orders. It can do so pursuant to its inherent power to manage its own affairs. *See Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–

12

31 (1962)). And Federal Rule of Civil Procedure 41(b) provides an explicit basis for such involuntary dismissals.

Several circuits have determined that straight failure-to-prosecute and failure-to-comply dismissals are not § 1915(g) strikes. *See, e.g.*, *Butler v. Dep't of Just.*, 492 F.3d 440, 443 (D.C. Cir. 2007); *Carbajal*, 808 F. App'x at 629. That makes sense. When a case is dismissed because a plaintiff refuses to file a necessary form, it is not dismissed on the grounds of failure to state a claim for relief, frivolousness or maliciousness. *See, e.g.*, *Lee v. Brown*, 610 F. Supp. 3d 865, 866–67 (W.D. Va. 2022) (dismissing suit because plaintiff refused to comply with an order to file a consent form).

But *Anderson* is not a straight failure-to-prosecute or failure-to-comply dismissal. The district court initially determined Burrell's second amended complaint "[did] not state a claim upon which relief can be granted" because it lacked detailed allegations about the medical delay. J.A. 256–57. The court then granted Burrell an opportunity to cure that defect by amendment within 30 days. But Burrell never amended his complaint, and the district court dismissed the case "for noncompliance with a court order." J.A. 262. The Ninth Circuit confronted this exact scenario in *Harris v. Mangum*, 863 F.3d 1133, 1141–42 (9th Cir. 2017). That court explained that the plaintiff's "failure to file an amended complaint did not negate the determination already made by the [district] court that the

13

complaint that he had filed, and on which he *effectively elected to stand*, failed to state a claim." *Id.* at 1142 (emphasis added).[8]

Other circuits have applied this same approach when an appellate court finds an appeal frivolous and then the appellant fails to prosecute or pay the filing fee. *See, e.g.*, *Thompson*, 492 F.3d at 433 (argument that dismissal was for failure to prosecute, rather than for frivolousness, was "hypertechnical"); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1178–79 (10th Cir. 2011) (describing frivolousness finding as "but for" cause of the subsequent dismissal), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015); *but see Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1284–85 (11th Cir. 2016) (noting that a single appellate judge makes a frivolousness finding on an *in forma pauperis* application, but only a panel can dismiss an action). These circuits have concluded that when a finding of frivolousness is the but-for cause of the case's dismissal, the dismissal constitutes a § 1915(g) strike despite intervening deficiencies.

---

[8] The Seventh Circuit reached a similar conclusion in *Paul v. Marberry*, 658 F.3d 702, 705–06 (7th Cir. 2011). There, plaintiff filed several irremediably unintelligible complaints. *Id.* at 703–04. The district court granted plaintiff leave to amend, but plaintiff never responded. *Id.* at 704 The court then dismissed the complaints for want of prosecution. *Id.* And the Seventh Circuit concluded these dismissals should ordinarily count as strikes, "for in each case all the judge was left with was a complaint that, being irremediably unintelligible, gave rise to an inference that the plaintiff could not state a claim." *Id.* at 705. But the Seventh Circuit did not assess strikes because none of the dismissals cited the "grounds specified in section 1915(g)." *Id.* at 706. The *Anderson* dismissal order, however, flagged the legal deficiencies in Burrell's second amended complaint and thus put Burrell on notice of them.

We agree with the Ninth Circuit that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris*, 863 F.3d at 1143. The action is dismissed on the underlying ground that it "fails to state a claim upon which relief may be granted," even though the procedural posture is failure to prosecute or failure to comply with an order to amend. 28 U.S.C. § 1915(g); *see Blakely*, 738 F.3d at 614 ("In other words, we look[] to the contents of the disposition and not merely to the procedural posture.").

The Supreme Court recently commented on a related, but distinct, situation. *See Lomax v. Ortiz-Marquez*, 590 U.S. 595 (2020). There, the Court determined that dismissal for failure to state a claim with or without prejudice constitutes a § 1915(g) strike. *Id.* at 597. Said another way, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Id.* at 599. But § 1915(g) "does not apply when a court gives a plaintiff leave to amend his complaint." *Id.* at 599 n.4. That is because "the suit *continues*, [so] the court's action falls outside of Section 1915(g) and no strike accrues." *Id.* (emphasis added). But the *Lomax* footnote addresses an *ongoing* case where leave to amend is granted—not a case where the court granted leave to amend, plaintiff failed to do so and the court ultimately dismissed. *Lomax* does not alter our conclusion that a plaintiff can incur a strike when (1) a district court finds a complaint fails to state a claim for relief; (2) the court gives a plaintiff an opportunity to cure any deficiency by amendment; and (3) the plaintiff fails to amend, so the court dismisses the action.

15

### 2. *Timing of Strike Counting*

Even though the *Anderson* dismissal meets the requirements of a § 1915(g) strike, the district court erred by counting it as a strike in this case.[9] That's because the three-strike rule requires a court to consider if "on 3 or more *prior* occasions" an action was dismissed on the specified grounds. 28 U.S.C. § 1915(g) (emphasis added). "Courts therefore count a prisoner's strikes as of the date the prisoner files the complaint or appeal." *Taylor*, 930 F.3d at 617.

Burrell filed this suit on June 23, 2022. The district court dismissed the *Anderson* action on June 29, 2022. *Anderson* was not a "prior" dismissal on June 23, 2022—the date Burrell filed this action. So the district court erred in counting the *Anderson* dismissal as a strike.

### III.

To conclude, the district court erred in applying § 1915(g) to Burrell's action. First, dismissal on *Younger* abstention grounds is not a § 1915(g) strike, so the *Unknown* dismissal does not count. Second, although dismissal for failure to amend following a finding of failure to state a claim constitutes a § 1915(g) strike, the *Anderson* dismissal cannot count because *Anderson* was dismissed after Burrell filed the current suit. So,

---

[9] Burrell did not make this timing argument, so it is forfeited. But we retain discretion to reach a forfeited issue "under appropriate circumstances." *United States v. Holness*, 706 F.3d 579, 592 (4th Cir. 2013). Sufficient factual development, efficiency of the decisionmaking process and confidence in the legal analysis influence whether reaching a forfeited issue is appropriate. *See id.* Here, we exercise our discretion because both the law and the facts are clear.

16

neither *Unknown* nor *Anderson* constitute § 1915(g) strikes here. Burrell had only one strike at the time he filed this case.[10]

We vacate the district court's dismissal and remand the case for proceedings consistent with this opinion.

*VACATED AND REMANDED*

---

[10] After filing his notice of appeal on August 11, 2023, Burrell moved to proceed *in forma pauperis*. We deferred ruling on the motion until oral argument. We now grant the motion. Section 1915(g) applies to an application to proceed *in forma pauperis* on appeal. At the time of his appeal, Burrell had one strike for the *Va. Pilot* dismissal. He had a second strike for the *Anderson* dismissal, which occurred long before Burrell brought this appeal in August 2023. But *Unknown* did not constitute a strike for the reasons we describe above. None of Burrell's other suits constituted strikes in August 2023, either. *See* Order, *Burrell v. Topham*, Case No. 1:21-cv-00866 (E.D. Va. May 6, 2022), Dkt. No. 14 (dismissing because Burrell failed to sign and return a consent form); *Burrell v. Mayer*, Case No. 3:22-cv-00801, 2023 WL 6445858, at *1–2 (E.D. Va. Sept. 29, 2023) (denying *in forma pauperis* status, and ordering dismissal of the case, because Burrell provided inaccurate information regarding his prior lawsuits); *Burrell v. Mayer*, Case No. 23-7034, 2023 WL 11062424, at *1 (4th Cir. Dec. 19, 2023) (dismissing Burrell's appeal for failure to prosecute after *in forma pauperis* status was denied); Order, *Burrell v. Hodge*, Case No. 1:21-cv-00876 (E.D. Va. Sept. 13, 2024), Dkt. No. 111 (dismissing Burrell's complaint for failure to state a claim for relief). Most of these dismissals post-date Burrell's notice of appeal, and the only dismissal pre-dating it—*Burrell v. Topham*—was dismissed because Burrell refused a court order to file a consent form. So, none of them constitute strikes. Because Burrell had only two strikes when he filed this appeal, § 1915(g) does not apply. We exercise our discretion under § 1915(a) to grant *in forma pauperis* status to Burrell's meritorious appeal.

17